UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTINA E. LAPP,                                    Case No. 16-cv-1104-pp

        Plaintiff,

  v.

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

---

## ORDER GRANTING PLAINTIFF'S
## REQUEST TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 3)

---

The plaintiff has filed a complaint requesting that the court review the Commissioner's denial of her Social Security Disability Insurance claims. Dkt. No. 1. Along with the complaint, the plaintiff filed an affidavit in support of her request that the court allow her to proceed with the case without paying the filing fee. Dkt. No. 3. In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

In the affidavit, the plaintiff indicates that she receives $896 per month in income from her job and $60 in food stamps; her total monthly income is $956. Id. at 2. It appears that she is not married, and that she has no dependents. Id. at 3-4. She indicates that she has monthly expenses totaling $896, consisting of between $110-$250 for rent (she states that she pays what

1

she can afford), $320 for food, $60 for clothing, $40 for medical and dental expenses, $40 for transportation, $30 for recreation, $36 for motor vehicle insurance; and other amounts related to credit cards and household expenses. Id. at 4-5. She states that her parents help with her bills, and she needs to take time off from work to undergo hip surgery, which will result in lost wages. Id. at 6. The affidavit also states that the plaintiff has $200 in a checking account and that she owns a car which she values at $1,800. Id. at 3. Thus, the plaintiff has a gross income of $956 per month, expenses of $898, and minimal additional assets. The court concludes from this information that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In her complaint, the plaintiff asserts that the ALJ's decision is not supported by substantial evidence and is contrary to law. The court finds that the plaintiff has stated a claim that the Commissioner's decision denying the

2

plaintiff's application for benefits is not supported by substantial evidence, or is contrary to law. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **ORDERS** that the plaintiff's motion for leave to appeal *in forma pauperis* (Dkt. No. 3) is **GRANTED.**

Dated in Milwaukee, Wisconsin this 14th day of October, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

Case 2:16-cv-01104-PP   Filed 10/14/16   Page 3 of 3   Document 5